IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORENZO HARRIS,

                 Plaintiff,

v.

CORRECTIONAL OFFICER HERSHBERGER,

                 Defendant.

ORDER

13-cv-560-wmc

---

      Plaintiff Lorenzo Harris, a prisoner incarcerated in the Wisconsin Department of Corrections at the Columbia Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350. Plaintiff has neither paid the filing fee nor requested leave to proceed *in forma pauperis*. For this case to proceed, plaintiff must pay the $400 filing fee or submit a properly supported motion for leave to proceed *in forma pauperis* no later than September 13, 2013.

      In the event that he requests leave to proceed *in forma pauperis*, plaintiff is advised that he must comply with the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether plaintiff qualifies as indigent, any motion for leave to proceed *in forma pauperis* must include a

certified copy of his inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the date of his complaint. 28 U.S.C. § 1915(a)(2).

The court notes that plaintiff has filed a motion to use his inmate release account to pay the filing fee in this case. (Dkt. # 2). The federal *in forma pauperis* statute suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay an initial partial payment, he should be allowed to use his release account to pay some or all of the assessed amount. As noted previously, however, the filing fee cannot be determined at this time because plaintiff has not requested leave to proceed as an indigent litigant or submitted a certified copy of his inmate trust account statement in support of such a request.

ORDER

IT IS ORDERED that:

1.  No later than September 13, 2013, plaintiff Lorenzo Harris shall pay the $400 filing fee or submit a properly supported motion for leave to proceed *in forma pauperis* together with a certified copy of his inmate trust fund account

    statement for the six-month period from the date of the complaint (August 8, 2013 through at least February 8, 2013).

2.     Plaintiff's motion to use release account funds (dkt. #2) to pay the filing fee is DENIED as explained in this order.

3.     **Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a)**.

Entered this 21st day of August, 2013.

                    BY THE COURT:

                    /s/
                    PETER OPPENEER
                    Magistrate Judge